1  GRAVES & WALTON LLP
   Philip J. Graves (SBN 153441)
2  pgraves@graveswalton.com
   Shen Li Khong (SBN 261326)
3  skhong@graveswalton.com
   12121 Wilshire Blvd., Suite 775
4  Los Angeles, California 90025
   Telephone:  (310) 295-6500
5  Facsimile:  (310) 295-6501

6  Attorneys for Defendants
   ARTHUR MEYEROVICH AND ALINA KAGANOVSKY
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIL.COM MEDIA CORPORATION, a Delaware corporation, | CASE NO. CV 10 7371 R FM0x |
| Plaintiff, | Hon. Manuel L. Real |
| v. | **FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ARTHUR MEYEROVICH AND ALINA KAGANOVSKY; DEMAND FOR JURY TRIAL** |
| ARTHUR MEYEROVICH, an individual d/b/a www.boxofficeworld.com; ALINA KAGANOVSKY, an individual d/b/a www.boxofficeworld.com; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL**

1  Defendants Arthur Meyerovich ("Meyerovich") and Alina Kaganovsky

2  ("Kaganovsky") (collectively "Defendants"), by counsel, hereby answer the

3  Complaint filed by Mail.com Media Corporation ("Plaintiff"), and states as follows:

4  1. As to the allegations contained in paragraph 1, Meyerovich admits that

5  he participated in the operation of www.boxofficeworld.com ("Box Office World").

6  Meyerovich admits that Box Office World contained click ads and links to third

7  party websites that sell a variety of products. Meyerovich denies that he owned Box

8  Office World. Kaganovsky denies that she owned and operated Box Office World.

9  Kaganovsky is without knowledge or information sufficient to form a belief as to the

10  truth of the remaining allegations contained in paragraph 1, and on that basis

11  Kaganovsky denies those remaining allegations contained in paragraph 1 of

12  Plaintiff's Complaint. Defendants are without knowledge or information sufficient

13  to form a belief as to the truth of the allegations regarding the ownership of third

14  party websites linked to Box Office World, and on that basis Defendants deny the

15  allegations regarding Deadline contained in paragraph 1 of Plaintiff's Complaint.

16  Defendants deny any remaining allegations contained in Paragraph 1 of Plaintiff's

17  Complaint.

18  2. Defendants are without knowledge or information sufficient to form a

19  belief as to the truth of the allegations regarding Deadline contained in paragraph 2,

20  and on that basis Defendants deny the allegations regarding Deadline contained in

21  paragraph 2 of Plaintiff's Complaint. Defendants deny any remaining allegations

22  contained in paragraph 2 of Plaintiff's Complaint.

23  **PARTIES, JURISDICTION, AND VENUE**

24  3. Defendants are without knowledge or information sufficient to form a

25  belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's

26  Complaint, and on that basis Defendants deny the allegations contained in paragraph

27  3 of Plaintiff's Complaint.

28

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL**

4. As to the allegations contained in paragraph 4, Meyerovich admits that he was and is an individual residing in New York, New York. Meyerovich admits that he participated in the operation of Box Office World. Meyerovich admits that Box Office World contained click ads and/or paid advertising and links to third party websites that sell a variety of products. Meyerovich denies that he owned and controlled Box Office World. Kaganovsky denies that she owned, operated and controlled Box Office World. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 4, and on that basis Kaganovsky denies all allegations contained in paragraph 4 of Plaintiff's Complaint. Defendants deny any remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. As to the allegations contained in paragraph 5, Kaganovsky admits that she was and is an individual residing in New York, New York. Defendants admit that Kaganovsky is married to Meyerovich. Defendants deny any remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and on that basis Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. As to the allegations contained in paragraph 8, Defendants admit that the Complaint purports to assert claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the "Copyright Act") and unfair competition, false designation or origin, and trademark dilution under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq*., as amended (the "Lanham Act"), but Defendants deny that the Complaint states any claim upon which relief can be granted. Defendants admit that the Copyright Act and the Lanham Act confer

2

1    subject matter jurisdiction as to claims arising under those laws upon this Court.

2    Defendants deny any remaining allegations in paragraph 8 of Plaintiff's Complaint.

3        9.    Defendants are without knowledge or information sufficient to form a

4    belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's

5    Complaint, and on that basis Defendants deny the allegations contained in paragraph

6    9 of Plaintiff's Complaint.

7        10.    As to the allegations contained in paragraph 10, Meyerovich admits that

8    Box Office World was accessible to persons residing in California.  Kaganovsky is

9    without knowledge or information sufficient to form a belief as to the truth of any of

10   the allegations contained in paragraph 10, and on that basis Kaganovsky denies all

11   allegations contained in paragraph 10 of Plaintiff's Complaint.  Defendants deny any

12   remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

13       11.    As to the allegations contained in paragraph 11, Defendants admit that

14   venue is proper in the Central District of California.  Defendants deny any remaining

15   allegations contained in paragraph 11 of Plaintiff's Complaint.

16                              **COMMON FACTS**

17       12.    Defendants are without knowledge or information sufficient to form a

18   belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's

19   Complaint, and on that basis Defendants deny the allegations contained in paragraph

20   12 of Plaintiff's Complaint.

21       13.    Defendants are without knowledge or information sufficient to form a

22   belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's

23   Complaint, and on that basis Defendants deny the allegations contained in paragraph

24   13 of Plaintiff's Complaint.

25       14.    As to the allegations contained in paragraph 14, Meyerovich admits that

26   he participated in the operation of Box Office World.  Meyerovich admits that Box

27   Office World provided box office sales information, entertainment news, film

28   trailers, film reviews, and free films.  Meyerovich denies that he owned and

3

controlled Box Office World.  Kaganovsky denies that she owned, operated and controlled Box Office World.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations contained in paragraph 14, and on that basis Kaganovsky denies all remaining allegations contained in paragraph 14 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     As to the allegations contained in paragraph 15, Meyerovich admits that Box Office World featured advertisements that were directed toward visitors of Box Office World.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 15, and on that basis Kaganovsky denies all allegations contained in paragraph 15 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations of paragraph 16 of Plaintiff's Complaint.

17.     As to the allegations contained in paragraph 17, Meyerovich admits that Box Office World linked to third party websites that sell a variety of products. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 17, and on that basis Kaganovsky denies all allegations contained in paragraph 17 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ownership of third party websites linked to Box Office World, and on that basis Defendants deny the allegations regarding Deadline contained in paragraph 17 of Plaintiff's Complaint. Defendants deny any remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     As to the allegations contained in paragraph 18, Meyerovich admits that Box Office World provided readers with news relating to, among other things, film

4

1  and television production and entertainment business news.  Meyerovich admits that
2  on its news pages, Box Office World has previously posted a paragraph or two of
3  text from an article that is accompanied by photographic or other graphic images.
4  Meyerovich admits that typically (but not always), below the text, there was a link
5  labeled "Read More."  Meyerovich admits that when the "Read More" link was
6  clicked on portions of articles that appeared on Box office World via Deadline's
7  syndication feeds, the reader was redirected to Deadline.  Kaganovsky is without
8  knowledge or information sufficient to form a belief as to the truth of any of the
9  allegations contained in paragraph 18, and on that basis Kaganovsky denies all
10 allegations contained in paragraph 18 of Plaintiff's Complaint.  Defendants deny any
11 remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

12      19.    Defendants deny the allegations contained in paragraph 19 of Plaintiff's
13 Complaint.

14      20.    As to the allegations contained in paragraph 20, Meyerovich admits that
15 on September 22, 2010, Box Office World posted a portion of an article entitled
16 "'Goodfellas' TV Series Has Town Jumping; But Will Majors Align to John Gotti Jr.
17 Pic?"  Meyerovich admits that the portion of the article included approximately two
18 paragraphs of text followed by a link labeled "Read More."  Meyerovich admits that
19 the portion of the article was also accompanied by a large photograph of the cast of
20 "Goodfellas" (Robert De Niro, Joe Pesci, Ray Liotta, and Paul Sauvino), a smaller
21 version of the photograph of the cast of "Goodfellas," and a photograph of John
22 Gotti Jr.  Meyerovich admits that Exhibit A appears to be a screenshot of content
23 that appeared on Box Office World that included a portion of this article.
24 Kaganovsky is without knowledge or information sufficient to form a belief as to the
25 truth of any of the allegations contained in paragraph 20, and on that basis
26 Kaganovsky denies all allegations contained in paragraph 20 of Plaintiff's
27 Complaint.  Defendants deny any remaining allegations contained in paragraph 20 of
28 Plaintiff's Complaint.

FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR
JURY TRIAL

21.     As to the allegations contained in paragraph 21, Meyerovich admits that when the "Read More" link from the portion of the article in Exhibit A was clicked, the reader was redirected to Deadline and a complete article entitled "'Goodfellas' TV Series Has Town Jumping; But Will Majors Align to John Gotti JI. Pic?" Meyerovich admits that this complete article appearing on Deadline was accompanied by photographs of the cast of "Goodfellas" and John Gotti Jr. Meyerovich admits that Exhibit A included a portion of text of the complete article in Exhibit B, and that the photographs accompanying the portion of the article in Exhibit A seem to also appear in the complete article in Exhibit B. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 21, and on that basis Kaganovsky denies all allegations contained in paragraph 21 of Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     As to the allegations contained in paragraph 22, Meyerovich admits that on September 28, 2010, Box Office World posted a portion of an article entitled "Lucas Converting 'Star Wars Saga' To 3D." Meyerovich admits that the portion of the article consists of one paragraph followed by a link labeled "Read More." Meyerovich admits that the portion of the article was also accompanied by a photograph of George Lucas. Meyerovich admits that Exhibit C appears to be a screenshot of content that appeared on Box Office World that included a portion of this article. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 22, and on that basis Kaganovsky denies all allegations contained in paragraph 22 of Plaintiff's Complaint. Defendants deny any remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

23.     As to the allegations contained in paragraph 23, Meyerovich admits that when the "Read More" link from a portion of an article in Exhibit C was clicked, the reader was redirected to Deadline and a complete article entitled "Lucas Converting 'Star Wars Saga' To 3D."  Meyerovich admits that this complete article appearing on Deadline was accompanied by a photograph of George Lucas ("Deadline Article 2").  Meyerovich admits that Exhibit C included a portion of the complete article in Exhibit D, and that the photograph accompanying the portion of the article in Exhibit C seems to also appear in the complete article in Exhibit D.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 23, and on that basis Kaganovsky denies all allegations contained in paragraph 23 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     As to the allegations contained in paragraph 24, Meyerovich admits that on September 28, 2010, Box Office World posted a portion of an article entitled "Steve Carell Taps Scribe Team To Turn Him Into A Rock Star."  Meyerovich admits that the portion of the article consists of one paragraph followed by a link labeled "Read More."  Meyerovich admits that the portion of the article was also accompanied by a photograph of Steve Carell.  Meyerovich admits that Exhibit E appears to be a screenshot of content that appeared on Box Office World that included a portion of this article.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 24, and on that basis Kaganovsky denies all allegations contained in paragraph 24 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL

25.     As to the allegations contained in paragraph 25, Meyerovich admits that when the "Read More" link from the portion of the article in Exhibit E was clicked, the reader was redirected to Deadline and a complete article entitled "Steve Carell Taps Scribes For Rock Star Pic."  Meyerovich admits that this complete article appearing on Deadline was accompanied by a photograph of Steve Carell. Meyerovich admits that Exhibit E includes a portion of the text of the complete article in Exhibit F, and that the photograph accompanying the portion of the article in Exhibit E seems to also appear in the complete article in Exhibit F.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 25, and on that basis Kaganovsky denies all allegations contained in paragraph 25 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     As to the allegations contained in paragraph 26, Meyerovich admits that on September 28, 2010, Box Office World posted a portion of an article entitled "Sam Raimi's Stars Road Sets 3 TV Projects."  Meyerovich admits that the portion of the article consists of one paragraph followed by a link labeled "Read More." Meyerovich admits that the portion of the article was also accompanied by a graphic image of a box containing a stylized image of television set overlaid with the words "Nellie Andreeva [¶] DEADLINE | TV" (the "Deadline TV Mark").  Meyerovich admits that Exhibit G appears to be a screenshot of content that appeared on Box Office World that included a portion of this article.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 26, and on that basis Kaganovsky denies all allegations contained in paragraph 26 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 26 of Plaintiff's Complaint.

8

27.     As to the allegations contained in paragraph 27, Meyerovich admits that when the "Read More" link from the portion of the article in Exhibit G was clicked, the reader was redirected to Deadline and a complete article entitled "Sam Raimi's Stars Road Sets 3 TV Project."  Meyerovich admits that this complete article appearing on Deadline was accompanied by the Deadline TV Mark.  Meyerovich admits that Exhibit G included a portion of the complete article in Exhibit H, and that the Deadline TV Mark accompanying the portion of the article in Exhibit G seems to also appear in the complete article in Exhibit H.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 27, and on that basis Kaganovsky denies all allegations contained in paragraph 27 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     As to the allegations contained in paragraph 28, Meyerovich admits that on September 28, 2010, Box Office World posted a portion of an article entitled "It's Official: Fox Cancels 'Lone Star.'"  Meyerovich admits that the portion of the article consists of one paragraph followed by a link labeled "Read More."  Meyerovich admits that the portion of the article was also accompanied by a photograph for the program "Lone Star."  Meyerovich admits that Exhibit I appears to be a screenshot of content that appeared on Box Office World that included a portion of this article. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 28, and on that basis Kaganovsky denies all allegations contained in paragraph 28 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL**

29.     As to the allegations contained in paragraph 29, Meyerovich admits that when the "Read More" link from the portion of this article in Exhibit I was clicked, the reader was redirected to Deadline and a complete article entitled "It's Official: Fox Cancels 'Lone Star.'"  Meyerovich admits that this complete article appearing on Deadline was accompanied by a photograph for the program "Lone Star." Meyerovich admits that Exhibit I included a portion of the text of the complete article in Exhibit J, and that the photograph accompanying the portion of the article in Exhibit I seems to also appear in the complete article in Exhibit J.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 29, and on that basis Kaganovsky denies all allegations contained in paragraph 29 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     As to the allegations contained in paragraph 30, Meyerovich admits that on September 28, 2010, Box Office World posted an article entitled "R.I.P. Ralph Vicinanza."  Meyerovich admits that Exhibit K appears to be a screenshot of content that appeared on Box Office World that included this article.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 30, and on that basis Kaganovsky denies all allegations contained in paragraph 30 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     As to the allegations contained in paragraph 31, Meyerovich admits that the article in Exhibit K did not contain a link to Deadline.  Meyerovich admits that at least some of the text of the article in Exhibit K also appears in the article in Exhibit L.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 31, and on that basis

FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL

1    Kaganovsky denies all allegations contained in paragraph 31 of Plaintiff's
2    Complaint.  Defendants are without knowledge or information sufficient to form a
3    belief as to the truth of the remaining allegations contained in paragraph 31 of
4    Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations
5    contained in paragraph 31 of Plaintiff's Complaint.

6         32.    As to the allegations contained in paragraph 32, Meyerovich admits that
7    on September 28, 2010, Box Office World posted an article entitled "And In Other
8    Film Deals . . ."  Meyerovich admits that the article consists of two paragraphs and is
9    accompanied by certain graphic images.  Meyerovich admits that Exhibit M appears
10   to be a screenshot of content that appeared on Box Office World that included this
11   article.  Kaganovsky is without knowledge or information sufficient to form a belief
12   as to the truth of any of the allegations contained in paragraph 32, and on that basis
13   Kaganovsky denies all allegations contained in paragraph 32 of Plaintiff's
14   Complaint.  Defendants deny any remaining allegations contained in paragraph 32 of
15   Plaintiff's Complaint.

16        33.    As to the allegations contained in paragraph 33, Meyerovich admits
17   that the article in Exhibit M did not contain a link to Deadline.  Meyerovich admits
18   that at least some of the text of the article in Exhibit M also appears in the article in
19   Exhibit N, and that the graphic images in Exhibit M seem to also appear in Exhibit
20   N.  Kaganovsky is without knowledge or information sufficient to form a belief as to
21   the truth of any of the allegations contained in paragraph 33, and on that basis
22   Kaganovsky denies all allegations contained in paragraph 33 of Plaintiff's
23   Complaint.  Defendants are without knowledge or information sufficient to form a
24   belief as to the truth of the remaining allegations contained in paragraph 33 of
25   Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations
26   contained in paragraph 33 of Plaintiff's Complaint.

27        34.    As to the allegations contained in paragraph 34, Meyerovich admits that
28   on September 28, 2010, Box Office World posted a portion of an article entitled

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL**

"RATINGS RAT RACE: NBC & CBS Gain While ABC and Fox Lose Ground In Premiere Week." Meyerovich admits that the portion of the article consisted of one paragraph followed by a link labeled "Read More." Meyerovich admits that the portion of the article was also accompanied by the Deadline TV Mark. Meyerovich admits that Exhibit O appears to be a screenshot of content that appeared on Box Office World that included a portion of this article. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 34, and on that basis Kaganovsky denies all allegations contained in paragraph 34 of Plaintiff's Complaint. Defendants deny any remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35. As to the allegations contained in paragraph 35, Meyerovich admits that when the "Read More" link from the portion of the article in Exhibit O was clicked, the reader was redirected to Deadline and a complete article entitled "RATINGS RAT RACE: NBC & CBS Gain While ABC and Fox Lose Ground In Premiere Week." Meyerovich admits that this complete article appearing on Deadline was accompanied by the Deadline TV Mark. Meyerovich admits that Exhibit O includes portions of the complete article in Exhibit P, and that the Deadline TV Mark accompanying the portion of the article in Exhibit O seems to also appear in the complete article in Exhibit P. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 35, and on that basis Kaganovsky denies all allegations contained in paragraph 35 of Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

36. As to the allegations contained in paragraph 36, Meyerovich admits that on September 28, 2010, Box Office World posted an article entitled "Hot Trailer: 'Yogi Bear.'" Meyerovich admits that the article consisted of one sentence and is

12

accompanied by a clip of the trailer for the film "Yogi Bear."  Meyerovich admits that Exhibit Q appears to be a screenshot of content that appeared on Box Office World that included this article.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 36, and on that basis Kaganovsky denies all allegations contained in paragraph 36 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     As to the allegations contained in paragraph 37, Meyerovich admits that the article in Exhibit Q did not contain a link to Deadline.  Meyerovich admits that at least some of the text of the article in Exhibit Q also appears in the text of the article in Exhibit R.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 37, and on that basis Kaganovsky denies all allegations contained in paragraph 37 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     As to the allegations contained in paragraph 38, Meyerovich admits that on September 28, 2010, Box Office World posted an article entitled "RATINGS RAT RACE: HBO's 'Eastbound' Spikes In Return, 'Boardwalk Dips In Week 2."  Meyerovich admits that the article consisted of one paragraph and is accompanied by the Deadline TV Mark.  Meyerovich admits that Exhibit S appears to be a screenshot of content that appeared on Box Office World that included this article.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 38, and on that basis Kaganovsky denies all allegations contained in paragraph 38 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39. As to the allegations contained in paragraph 39, Meyerovich admits that the article in Exhibit S did not contain a link to Deadline. Meyerovich admits that at least some of the text of the article in Exhibit S also appears in the text of the article in Exhibit T, and that the Deadline TV Mark accompanying the article in Exhibit S seems to also appear in Exhibit T. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 39, and on that basis Kaganovsky denies all allegations contained in paragraph 39 of Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40. As to the allegations contained in paragraph 40, Meyerovich admits that on September 28, 2010, Box Office World posted a portion of an article entitled "The Oscar Road Traveled By Toronto Films." Meyerovich admits that the portion of the article consisted of two paragraphs followed by a link labeled "Read More." Meyerovich admits that the portion of the article was also accompanied by two photographs. Meyerovich admits that Exhibit U appears to be a screenshot of content that appeared on Box Office World that included a portion of this article. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 40, and on that basis Kaganovsky denies all allegations contained in paragraph 40 of Plaintiff's Complaint. Defendants deny any remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41. As to the allegations contained in paragraph 41, Meyerovich admits that when the "Read More" link from the portion of article in Exhibit U was clicked, the reader was redirected to Deadline and a complete article entitled "The Oscar Road Traveled By Toronto Films." Meyerovich admits that Exhibit U included the text of the first paragraph and most of the second paragraph of the article in Exhibit V, and

14

that the photographs accompanying the portion of the article in Exhibit U seem to also appear in the complete article in Exhibit V.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 41, and on that basis Kaganovsky denies all allegations contained in paragraph 41 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42.   As to the allegations contained in paragraph 42, Meyerovich admits that on September 28, 2010, Box Office World posted an article entitled "R.I.P. Sally Menke."  Meyerovich admits that the article consisted of one paragraph and was accompanied by the Deadline TV Mark and a photograph of Sally Menke and Quentin Tarantino.  Meyerovich admits that Exhibit W appears to be a screenshot of content that appeared on Box Office World that included this article.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 42, and on that basis Kaganovsky denies all allegations contained in paragraph 42 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 42 of Plaintiff's Complaint.

43.   As to the allegations contained in paragraph 43, Meyerovich admits that the article in Exhibit W did not contain a link to Deadline.  Meyerovich admits that at least some portions of the text of the article in Exhibit W also appear in portions of the text of the article in Exhibit X, and that the Deadline TV Mark and photograph accompanying the article in Exhibit W seem to also appear in Exhibit X. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 43, and on that basis Kaganovsky denies all allegations contained in paragraph 43 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a

15

1  belief as to the truth of the remaining allegations contained in paragraph 43 of
2  Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations
3  contained in paragraph 43 of Plaintiff's Complaint.

4       44.    As to the allegations contained in paragraph 44, Meyerovich admits that
5  on September 28, 2010, Box Office World posted an article entitled "Lifetime
6  Tackles High Unemployment With 'Fairy Jobmother' Reality Series."  Meyerovich
7  admits that the article consisted of one paragraph and is accompanied by the
8  Deadline TV Mark and other graphic images.  Meyerovich admits that Exhibit Y
9  appears to be a screenshot of content that appeared on Box Office World that
10 included this article.  Kaganovsky is without knowledge or information sufficient to
11 form a belief as to the truth of any of the allegations contained in paragraph 44, and
12 on that basis Kaganovsky denies all allegations contained in paragraph 44 of
13 Plaintiff's Complaint.  Defendants deny any remaining allegations contained in
14 paragraph 44 of Plaintiff's Complaint.

15      45.    As to the allegations contained in paragraph 45, Meyerovich admits that
16 the article in Exhibit Y did not contain a link to Deadline.  Meyerovich admits that at
17 least some of the text of the article in Exhibit Y also appear in the text of the article
18 in Exhibit Z, and that the Deadline TV Mark and other graphic images
19 accompanying the article in Exhibit Y seem to also appear in the article in Exhibit Z.
20 Kaganovsky is without knowledge or information sufficient to form a belief as to the
21 truth of any of the allegations contained in paragraph 45, and on that basis
22 Kaganovsky denies all allegations contained in paragraph 45 of Plaintiff's
23 Complaint.  Defendants are without knowledge or information sufficient to form a
24 belief as to the truth of the remaining allegations contained in paragraph 45 of
25 Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations
26 contained in paragraph 45 of Plaintiff's Complaint.

27      46.    As to the allegations contained in paragraph 46, Meyerovich admits that
28 on September 28, 2010, Box Office World posted a portion of an article entitled

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR
JURY TRIAL**

1   "RATINGS RAT RACE: 'Dancing' Wins, 'Event' Drops, No Miracle Bounds for

2   'Lone Star.'"  Defendants admit that the article consists of three paragraphs followed

3   by a link labeled "Read More."  Meyerovich admits that the portion of the article

4   was also accompanied by the Deadline TV Mark and other graphic images.

5   Meyerovich admits that Exhibit AA appears to be a screenshot of a portion of this

6   article.  Kaganovsky is without knowledge or information sufficient to form a belief

7   as to the truth of any of the remaining allegations contained in paragraph 46, and on

8   that basis Kaganovsky denies all remaining allegations contained in paragraph 46 of

9   Plaintiff's Complaint.  Defendants deny any remaining allegations contained in

10  paragraph 46 of Plaintiff's Complaint.

11      47.   As to the allegations contained in paragraph 47, Meyerovich admits that

12  when the "Read More" link from the portion of article in Exhibit AA was clicked,

13  the reader was redirected to Deadline and a complete article entitled "RATINGS

14  RAT RACE: 'Dancing' Wins, 'Event' Drops, No Miracle Bounds for 'Lone Star.'"

15  Meyerovich admits that this portion of the article appearing on Deadline consisted of

16  five paragraphs and is accompanied by the Deadline TV Mark and other graphic

17  images.  Meyerovich admits that Exhibit AA included portions of the complete

18  article in Exhibit BB, and that the Deadline TV Mark and other graphic images

19  accompanying the portion of the article in Exhibit AA seem to also appear in the

20  complete article in Exhibit BB.  Kaganovsky is without knowledge or information

21  sufficient to form a belief as to the truth of any of the allegations contained in

22  paragraph 47, and on that basis Kaganovsky denies all allegations contained in

23  paragraph 47 of Plaintiff's Complaint.  Defendants are without knowledge or

24  information sufficient to form a belief as to the truth of the remaining allegations

25  contained in paragraph 47 of Plaintiff's Complaint, and on that basis Defendants

26  deny the remaining allegations contained in paragraph 47 of Plaintiff's Complaint.

27      48.   As to the allegations contained in paragraph 48, Meyerovich admits that

28  on September 28, 2010, Box Office World posted a portion of an article entitled

17

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL**

"ITV To Start Charging For Internet Extras."  Meyerovich admits that the portion of article consisted of one paragraph followed by a link labeled "Read More." Meyerovich admits that the portion of article was also accompanied by a graphic image for ITV.  Meyerovich admits that Exhibit CC appears to be a screenshot of content that appeared on Box Office World that included a portion of this article. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 48, and on that basis Kaganovsky denies all allegations contained in paragraph 48 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     As to the allegations contained in paragraph 49, Meyerovich admits that when the "Read More" link from the portion of the article in Exhibit CC was clicked, the reader was redirected to Deadline and a complete article entitled "ITV To Start Charging For Internet Extras."  Meyerovich admits that this complete article appearing on Deadline consisted of one paragraph and is accompanied by a graphic image for ITV.  Meyerovich admits that Exhibit CC included a portion of the text of the complete article in Exhibit DD, and that the graphic image accompanying the portion of the article in Exhibit CC seems to also appear in Exhibit DD. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 49, and on that basis Kaganovsky denies all allegations contained in paragraph 49 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     As to the allegations contained in paragraph 50, Meyerovich admits that on September 28, 2010, Box Office World posted a portion of an article entitled "Jeff Bewkes: 'Network TV Has Whip-Hand Over YouTube And iTunes.'"

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL**

Meyerovich admits that the portion of the article consisted of one paragraph followed by a link labeled "Read More."  Meyerovich admits that the portion of the article was also accompanied by a photograph of Jeff Bewkes.  Meyerovich admits that Exhibit EE appears to be a screenshot of content that appeared on Box Office World that included a portion of this article.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 50, and on that basis Kaganovsky denies all allegations contained in paragraph 50 of Plaintiff's Complaint.  Defendants deny any remaining allegations contained in paragraph 50 of Plaintiff's Complaint.

51.    As to the allegations contained in paragraph 51, Meyerovich admits that when the "Read More" link from the portion of the article in Exhibit EE was clicked, the reader was redirected to Deadline and a complete article entitled "Jeff Bewkes: 'Network TV Has Whip-Hand Over YouTube And iTunes.'"  Meyerovich admits that this complete article appearing on Deadline consisted of five paragraphs and is accompanied by a photograph of Jeff Bewkes.  Meyerovich admits that Exhibit EE included a portion of the complete article in Exhibit FF, and that the photograph of Jeff Bewkes accompanying the portion of the article in Exhibit EE seems to also appear in the complete article in Exhibit FF.  Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 51, and on that basis Kaganovsky denies all allegations contained in paragraph 51 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 51 of Plaintiff's Complaint.

52.    As to the allegations contained in paragraph 52, Meyerovich admits that on September 28, 2010, Box Office World posted a portion of an article entitled "ABC Family Picks Up Four Pilots."  Meyerovich admits that the portion of the

19

article consists of two paragraphs followed by a link labeled "Read More."
Meyerovich admits that the portion of the article was also accompanied by the
Deadline TV Mark and other graphic images.  Meyerovich admits that Exhibit GG
appears to be a screenshot of content that appeared on Box Office World that
included a portion of this article.  Kaganovsky is without knowledge or information
sufficient to form a belief as to the truth of any of the allegations contained in
paragraph 52, and on that basis Kaganovsky denies all allegations contained in
paragraph 52 of Plaintiff's Complaint.  Defendants deny any remaining allegations
contained in paragraph 52 of Plaintiff's Complaint.

53.     As to the allegations contained in paragraph 53, Meyerovich admits that
when the "Read More" link from the portion of the article in Exhibit GG was
clicked, the reader was redirected to Deadline and a complete article entitled "ABC
Family Picks Up Four Pilots."  Meyerovich admits that this complete article
appearing on Deadline consisted of five paragraphs and was accompanied by the
Deadline TV Mark and other graphic images.  Meyerovich admits that Exhibit GG
included a portion of the complete article in Exhibit HH, and that the Deadline TV
Mark and other graphic images accompanying a portion of the article in Exhibit GG
seem to also appear in the complete article in Exhibit HH.  Kaganovsky is without
knowledge or information sufficient to form a belief as to the truth of any of the
allegations contained in paragraph 53, and on that basis Kaganovsky denies all
allegations contained in paragraph 53 of Plaintiff's Complaint.  Defendants are
without knowledge or information sufficient to form a belief as to the truth of the
remaining allegations contained in paragraph 53 of Plaintiff's Complaint, and on that
basis Defendants deny the remaining allegations contained in paragraph 53 of
Plaintiff's Complaint.

54.     As to the allegations contained in paragraph 54, Meyerovich admits that
on September 28, 2010, Box Office World posted a portion of an article entitled
"NBC Snags 'Ghost' Romantic Comedy From Josh Schwartz Starring Rachel

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR
JURY TRIAL**

Bilson." Defendants admit that the portion of the article consisted of one paragraph followed by a link labeled "Read More." Meyerovich admits that the portion of article was also accompanied by the Deadline TV Mark and two photographs of Rachel Bilson and Josh Schwartz. Meyerovich admits that Exhibit II appears to be a screenshot of content that appeared on Box Office World that included a portion of this article. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations contained in paragraph 54, and on that basis Kaganovsky denies all remaining allegations contained in paragraph 54 of Plaintiff's Complaint. Defendants deny any remaining allegations contained in paragraph 54 of Plaintiff's Complaint.

55. As to the allegations contained in paragraph 55, Meyerovich admits that when the "Read More" link from the portion of article in Exhibit II was clicked, the reader was redirected to Deadline and a complete article entitled "NBC Snags 'Ghost' Romantic Comedy From Josh Schwartz Starring Rachel Bilson." Meyerovich admits that this complete article appearing on Deadline consisted of two paragraphs and was accompanied by the Deadline TV Mark and a photograph of Rachel Bilson and Josh Schwartz. Meyerovich admits that Exhibit II included a portion of the article in Exhibit JJ, and that the Deadline TV Mark and photograph accompanying the portion of the article in Exhibit II seem to also appear in the complete article in Exhibit JJ. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 55, and on that basis Kaganovsky denies all allegations contained in paragraph 55 of Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 55 of Plaintiff's Complaint.

56. As to the allegations contained in paragraph 56, Meyerovich admits that on September 28, 2010, Box Office World posted a portion of an article entitled

21

"BBC Boss 'Confident' Over License Fee." Meyerovich admits that the portion of article consisted of one paragraph followed by a link labeled "Read More." Meyerovich admits that the portion of the article was also accompanied by a photograph of Mark Thompson. Meyerovich admits that Exhibit KK appears to be a screenshot of content that appeared on Box Office World that included a portion of this article. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 56, and on that basis Kaganovsky denies all allegations contained in paragraph 56 of Plaintiff's Complaint. Defendants deny any remaining allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     As to the allegations contained in paragraph 57, Meyerovich admits that when the "Read More" link from the portion of the article in Exhibit KK was clicked, the reader was redirected to Deadline and a complete article entitled "BBC Boss 'Confident' Over License Fee." Meyerovich admits that this complete article appearing on Deadline consisted of three paragraphs and is accompanied by a photograph of Mark Thompson. Meyerovich admits that Exhibit KK included a portion of the complete article in Exhibit LL, and that the photograph accompanying the portion of the article in Exhibit KK seems to also appear in the complete article in Exhibit LL. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 57, and on that basis Kaganovsky denies all allegations contained in paragraph 57 of Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of Plaintiff's Complaint, and on that basis Defendants deny the remaining allegations contained in paragraph 57 of Plaintiff's Complaint.

58.     As to the allegations contained in paragraph 58, Meyerovich admits that on September 28, 2010, Box Office World posted an article entitled "UK Broadcasters Could Be Forced To Carry Local News Bulletins." Meyerovich admits

FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL

1    that the article consisted of one paragraph and was accompanied by a photograph of

2    UK Cultural Secretary, Jeremy Hunt.  Meyerovich admits that Exhibit MM appears

3    to be a screenshot of content that appeared on Box Office World that included this

4    article.  Kaganovsky is without knowledge or information sufficient to form a belief

5    as to the truth of any of the allegations contained in paragraph 58, and on that basis

6    Kaganovsky denies all allegations contained in paragraph 58 of Plaintiff's

7    Complaint.  Defendants deny any remaining allegations contained in paragraph 58 of

8    Plaintiff's Complaint.

9        59.    As to the allegations contained in paragraph 59, Meyerovich admits that

10   the article in Exhibit MM does not contain a link to Deadline.  Meyerovich admits

11   that at least some of the text of Exhibit MM also appear in the text of the article in

12   Exhibit NN, and that the photograph accompanying the article in Exhibit MM seems

13   to also appear in the article in Exhibit NN.  Kaganovsky is without knowledge or

14   information sufficient to form a belief as to the truth of any of the allegations

15   contained in paragraph 59, and on that basis Kaganovsky denies all allegations

16   contained in paragraph 59 of Plaintiff's Complaint.  Defendants are without

17   knowledge or information sufficient to form a belief as to the truth of the remaining

18   allegations contained in paragraph 59 of Plaintiff's Complaint, and on that basis

19   Defendants deny the remaining allegations contained in paragraph 59 of Plaintiff's

20   Complaint.

21       60.    As to the allegations contained in paragraph 60, Meyerovich admits that

22   on September 29, 2010, Box Office World posted a portion of an article entitled

23   "Golden Globe: Once Cold Musical/Comedy Category Is Already Hotly

24   Competitive."  Meyerovich admits that the portion of the article consisted of two

25   paragraphs followed by a link labeled "Read More."  Meyerovich admits that the

26   portion of article was also accompanied by certain graphic images including a

27   graphic image in the shape of a square depicting stars illuminated by a strobe light,

28   overlaid by the words "Pete Hammond [¶] Awards Columnist" (the "Pete Hammond

23

Mark").  Meyerovich admits that Exhibit OO appears to be a screenshot of content

that appeared on Box Office World that included a portion of this article.

Kaganovsky is without knowledge or information sufficient to form a belief as to the

truth of any of the allegations contained in paragraph 60, and on that basis

Kaganovsky denies all allegations contained in paragraph 60 of Plaintiff's

Complaint.  Defendants deny any remaining allegations contained in paragraph 60 of

Plaintiff's Complaint.

  61. As to the allegations contained in paragraph 61, Meyerovich admits that

when the "Read More" link from the portion of article in Exhibit OO was clicked,

the reader was redirected to Deadline and a complete article entitled "Golden Globe:

Once Cold Musical/Comedy Category Is Already Hotly Competitive."  Meyerovich

admits that this complete article appearing on Deadline consisted of nine paragraphs

and was accompanied by certain graphic images including the Pete Hammond Mark.

Meyerovich admits that Exhibit OO includes a portion of the article in Exhibit PP,

and that the Peter Hammond Mark accompanying the portion of the article in

Exhibit OO seems to also appear in the complete article in Exhibit PP.  Kaganovsky

is without knowledge or information sufficient to form a belief as to the truth of any

of the allegations contained in paragraph 61, and on that basis Kaganovsky denies all

allegations contained in paragraph 61 of Plaintiff's Complaint.  Defendants are

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 61 of Plaintiff's Complaint, and on that

basis Defendants deny the remaining allegations contained in paragraph 61 of

Plaintiff's Complaint.

  62. Defendants deny the allegations contained in paragraph 62 of Plaintiff's

Complaint.

## <u>COUNT I</u>
## <u>ALLEGED COPYRIGHT INFRINGEMENT</u>

24

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL**

63. Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 62 above as Defendants' response to paragraph 63 of Plaintiff's Complaint, as if fully set forth herein.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiff's Complaint, and on that basis Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's Complaint, and on that basis Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Defendants admit that, as set forth in paragraphs 20 through 61 above, the articles on Box Office World that are referenced in paragraphs 20 through 61 above contain text that that are also included in the articles on Deadline referenced in paragraphs 20 through 61 above. Defendants deny the remaining allegations contained in paragraph 66 of Plaintiff's Complaint.

67. Meyerovich admits that they have posted, on Box Office World, at least some text and images that also appear in the Deadline articles referenced in paragraphs 20 through 61 above via Deadline's syndicated feeds. Kaganovsky is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 67, and on that basis Kaganovsky denies all allegations contained in paragraph 67 of Plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations contained in paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

## COUNT II
## ALLEGED UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN

73. Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 72 above as Defendants' response to paragraph 73 of Plaintiff's Complaint, as if fully set forth herein.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of Plaintiff's Complaint, and on that basis Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiff's Complaint, and on that basis Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

79. Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL**

80.    Defendants deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

## COUNT III

## ALLEGED DILUTION

81.    Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 80 above as Defendants' response to paragraph 81 of Plaintiff's Complaint, as if fully set forth herein.

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiff's Complaint, and on that basis Defendants deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83.    Defendants deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of Plaintiff's Complaint.

85.    Defendants deny the allegations contained in paragraph 85 of Plaintiff's Complaint.

86.    Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF FOR COUNTS I, II AND III

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required.  Defendants deny that Plaintiff is entitled to any of the requested relief and denies any allegations contained in Plaintiff's prayer for relief to which a response is required.

## PLAINTIFF'S JURY DEMAND

Plaintiff's demand for a jury trial does not state any allegation, and Defendants are not required to respond.  To the extent that any allegations are included in the demand, Defendants deny these allegations.

27

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Defendants assert the following defenses.

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE – NO COPYRIGHT INFRINGEMENT

2.      Defendants have not infringed, do not infringe (either directly or indirectly), and are not liable for infringement of any valid copyright or copyright rights alleged to be owned by Plaintiff, including, without limitation, any alleged copyright rights in the works that are the subject of the Complaint.

## THIRD AFFIRMATIVE DEFENSE – ELEMENTS NOT PROTECTED BY COPYRIGHT

3.      Plaintiff's copyright claims are barred to the extent that Plaintiff claims rights to elements of Plaintiff's works that are functional, are not original, or are otherwise not protectable by copyright and/or not protected by Plaintiff's alleged copyrights in the works that are the subject of the Complaint.

## FOURTH AFFIRMATIVE DEFENSE – WAIVER AND ESTOPPEL

4.      Plaintiff's alleged copyrights are unenforceable because, upon information and belief, Plaintiff's actions in allowing members of the public to use Deadline's articles and images via Deadline's syndication feed were such that it was reasonable to infer that Plaintiff did not intend to enforce its alleged copyrights, Defendants relied on Plaintiff's misleading conduct, and Defendants will be materially prejudiced if Plaintiff is allowed to proceed with its claim.

5.      Plaintiff's alleged copyrights are unenforceable because, through its conduct in allowing members of the public to use Deadline's articles and images via Deadline's syndication feed, Plaintiff knowingly waived any right it may have to enforce its alleged copyrights in the works that are the subject of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE – IMPLIED LICENSE

6.     Plaintiff's alleged claims are barred, in whole or in part, under principles of implied license based on Plaintiff allowing members of the public to use Deadline's articles and images via Deadline's syndication feed.

## SIXTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF

7.     Plaintiff has not suffered any irreparable injury proximately caused by Defendants' alleged conduct and Plaintiff has an adequate remedy at law; therefore, injunctive relief would be contrary to the public interest, and Plaintiff is not entitled to injunctive relief.

## SEVENTH AFFIRMATIVE DEFENSE – FAIR USE

8.     Plaintiff's claims for copyright infringement are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107 in view of the nature of the works asserted by Plaintiff, the amount (if any) and substantiality of the portions of such works used by Defendants in relation to the works as a whole, the purpose and character of any use thereof made by Defendants, and the effect, if any, of such use on the potential market for the works.

## EIGHTH AFFIRMATIVE DEFENSE – DE MINIMIS COPYING

9.     Plaintiff's claims for copyright infringement are barred by the doctrine of de minimis copying, as any protectable portions of Deadline's articles and images via Deadline's syndication feed used by Defendants have been de minimis.

## NINTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims for alleged damages, if they have been suffered at all, are too speculative and remote for this Court to grant the relief that the Plaintiff is seeking.

## TENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims for alleged damages, if they have been suffered at all, are barred because Plaintiff's alleged injuries were not proximately or materially caused by Defendants' alleged conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

12.    Plaintiff's claim under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), is barred because Defendants' alleged use of the Deadline TV Mark or Pete Hammond Mark did not create a false designation or origin, false or misleading description of fact, and/or false or misleading representation of fact that is likely to cause confusion or deceive the consuming public as to the origin, sponsorship, and/or approval of Box Office World.

## TWELFTH AFFIRMATIVE DEFENSE – NOMINATIVE FAIR USE

13.    Plaintiff's claim under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) is barred by the doctrine of nominative fair use because the product or services in question is one not readily identifiable without use of the trademark, only so much of the mark or marks was used as is reasonably necessary to identify the product or service, and Defendants have done nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's claim of dilution under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c)(1) is barred because all forms of news reporting or news commentary are excluded pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c)(3)(B).

## FOURTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff's claim of dilution under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c)(1) is barred because the Deadline TV Mark and Pete Hammond Mark are not famous marks.

## FIFTEENTH AFFIRMATIVE DEFENSE – FIRST AMENDMENT

16.    Plaintiff's claims of copyright infringement, false designation of origin, and dilution are barred because they challenge the exercise of rights protected by the First Amendment of the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

30

17. Plaintiff's claims for statutory damages and attorney's fees pursuant to 17 U.S.C. § 504 of the Copyright Act are barred pursuant to 17 U.S.C. § 412 because, on information and belief, any alleged copyright infringement commenced before the alleged copyrighted works were registered before the U.S. Copyright Office and the alleged copyrighted works were not registered within three months of first publication.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's Deadline TV Mark and Pete Hammond Mark are generic, or at most, merely descriptive, lack secondary meaning, or is otherwise unprotectable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests entry of judgment in its favor and against Plaintiffs, stating:

A. That Plaintiff take nothing by virtue of its Complaint;

B. That Defendants have not infringed, either directly or indirectly, any of Plaintiff's asserted copyrights in the works that are the subject of the Complaint;

C. That Defendants have not violated Plaintiff's rights under Section 43(a) of the Lanham Act or 15 U.S.C. § 1125(a);

D. That Defendants have not violated Plaintiff's rights under 15 U.S.C. § 1125(c);

E. That Plaintiff's claims are barred by the doctrines of waiver and/or estoppel;

F. That Defendants be awarded attorneys' fees and costs of suit; and

///
///
///
///
///
///

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR JURY TRIAL**

1    H.    Any other, further or different relief as this Court may deem just and

2  proper.

3

4  DATED:  January 5, 2011                    GRAVES & WALTON LLP

5

6                                        By:   /s/ Philip J. Graves

7                                              Philip J. Graves
                                               Shen Li Khong
8                                        Attorneys for Defendants
                                         ARTHUR MEYEROVICH and
9                                        ALINA KAGANOVSKY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED ANSWER OF DEFENDANTS MEYEROVICH AND KAGANOVSKY; DEMAND FOR
JURY TRIAL**

1

## <u>JURY DEMAND</u>

2
Defendants hereby demand a trial by jury on all issues so triable.

3

4
DATED: January 5, 2011               GRAVES & WALTON LLP

5

6
              By:   /s/ Philip J. Graves

7
                 Philip J. Graves
                 Shen Li Khong

8
              Attorneys for Defendants
              ARTHUR MEYEROVICH and

9
              ALINA KAGANOVSKY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

33